[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10027
Non-Argument Calendar
_____

D.C. Docket No. 2:01-cr-14029-DMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HAROLD BEAUVAIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 1, 2013)

Before CARNES, HULL, and MARTIN, Circuit Judges.

PER CURIAM:

Harold Beauvais was convicted by jury of one count of possessing with intent to distribute 50 or more grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1).  The presentence investigation report concluded that Beauvais was responsible for 50.9 grams of crack cocaine.  Based on that quantity, the PSR assigned a base offense level of 32, which became his total offense level because no other adjustments applied.  See United States Sentencing Guidelines § 2D1.1(c)(4) (Nov. 2001).  Beauvais' criminal history category was I, resulting in a guidelines range of 121 to 151 months imprisonment.  Beauvais was also subject to a mandatory minimum sentence of 240 months because he had a prior drug conviction.  See 21 U.S.C. § 841(b)(1)(A) (2001).  Because the statutory mandatory minimum sentence was greater than the otherwise applicable guidelines range, the statutory mandatory minimum of 240 months became Beauvais' guidelines range.  See U.S.S.G. § 5G1.1(c)(2).  In 2002 the district court sentenced him to the mandatory minimum term of 240 months imprisonment.

In 2011 Beauvais, acting pro se, filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), contending that Amendment 750 to the sentencing guidelines and the Fair Sentencing Act of 2010 had reduced his guidelines range. The district court denied that motion, concluding that Beauvais was not eligible

2

for a sentence reduction under § 3582(c)(2) because he was subject to a mandatory minimum sentence of 240 months.  This is Beauvais' appeal.

Beauvais contends that Amendment 750 lowered his base offense level and that under the Fair Sentencing Act, he would be subject to a mandatory minimum of only 120 months instead of 240 months.  But even if the Fair Sentencing Act would lower the mandatory minimum sentence applicable to him, that Act does not apply retroactively to defendants like Beauvais who were sentenced before its enactment in 2010.  See United States v. Hippolyte, — F.3d —, No. 11-15933, 2013 WL 978695, at *5 (11th Cir. 2013). "[W]hen a defendant's sentence is based on a statutory mandatory minimum under 21 U.S.C. § 841(b)(1) that is above the applicable guidelines range, Amendment 750 does not lower that guidelines sentence, and the defendant is not eligible for a § 3582(c)(2) sentence reduction." Id. at *3 (quotation marks omitted).  Because Beauvais' sentence of 240 months was based on the statutory mandatory minimum under 21 U.S.C. § 841(b)(1)(A), which is above the otherwise applicable guidelines range, Amendment 750 did not lower Beauvais' guidelines range and he is not eligible for a sentence reduction under § 3582(c)(2).

**AFFIRMED.**

3